[Cite as *State v. Morrison*, 2015-Ohio-5513.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. CT2015-0020 |
| CHAD MORRISON | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Muskingum County Court
of Common Pleas, Case No. CR2014-0174


JUDGMENT:                  Affirmed


DATE OF JUDGMENT ENTRY:        December 28, 2015


APPEARANCES:


For Plaintiff-Appellee                  For Defendant-Appellant


D. MICHAEL HADDOX               ERIC J. ALLEN
Prosecuting Attorney                The Law Offices of Eric J. Allen, Ltd.
Muskingum County, Ohio           713 S. Front St.
                                     Columbus, Ohio 43206
By: GERALD V. ANDERSON II
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702-0189

*Hoffman, P.J.*

{¶1}   Defendant-appellant Chad M. Morrison appeals his conviction entered by the Muskingum County Court of Common Pleas on two counts of obstructing justice, in violation of R.C. 2921.32.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On January 22, 2014, Isaac Thomas was released from jail and visited Appellant at his house.  While at the house, Thomas stole a gun owned by Appellant.

{¶3}   Thomas returned to Appellant's house later in the evening. Thomas then engaged in an argument with Appellant. Anthony "Sosa" Wilson and Adam Rogers were also in the room during the argument. The argument escalated into an altercation during which Wilson stood and shot Thomas in the chest.  Wilson left the house, getting into Appellant's car.  Appellant drove and dropped Wilson at a friend's house, giving him money and drugs.  Wilson gave Appellant the murder weapon.

{¶4}   On June 25, 2014, Appellant was indicted on one count of complicity to commit aggravated murder, in violation of R.C. 2907.01; two counts of obstructing justice, in violation of R.C. 2921.32; and one count of having a weapon under disability, in violation of R.C. 2923.12.

{¶5}   Appellant waived his right to a jury trial on the weapons under disability charge.  The state moved to amend the aggravated murder count reducing the charge to murder.

{¶6}   On March 26, 2015, a jury found Appellant not guilty of the charge of murder with a gun specification.  Appellant was found guilty of two counts of obstructing justice,

in violation of R.C. 2921.32. The trial court found Appellant guilty of having weapons under disability.

**{¶7}** On March 27, 2015, the trial court sentenced Appellant to an aggregate term of sixty months in prison.

**{¶8}** Appellant appeals, assigning as error:

**{¶9}** "I. APPELLANT'S RIGHT TO DUE PROCESS GUARANTEED BY THE FEDERAL CONSTITUTION WAS VIOLATED WHEN THE STATE OF OHIO FAILED TO PRODUCE SUFFICIENT EVIDENCE TO CONVICT HIM OF OBSTRUCTION OF JUSTICE."

I.

**{¶10}** In the sole assignment of error, Appellant argues his convictions for obstructing justice are not supported by the sufficiency of the evidence.

**{¶11}** The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

**{¶12}** Appellant was convicted of obstructing justice, in violation of R.C. 2921.32(A)(2), which reads,

(A) No person, with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for crime or to assist another to benefit from the commission of a crime, and no person, with purpose to hinder the discovery, apprehension, prosecution, adjudication as a delinquent child, or disposition of a child for an act that if committed by an adult would be a crime or to assist a child to benefit from the commission of an act that if committed by an adult would be a crime, shall do any of the following:

***

(2) Provide the other person or child with money, transportation, a weapon, a disguise, or other means of avoiding discovery or apprehension;

{¶13} We note, Appellant contests only one of the convictions for obstructing justice.

{¶14} At trial, Wilson testified,

Q. All right.  What did Chad say?

A. Let's go, we got to get out of here.

Q. And what did you do?

A. Got out of there.

* * *

Q. When you leave the house whose car do you get into?
A. Chad Morrison's.
Q. Who's driving the car?
A. Chad.
Q. And where does he take you?
A. Brighton.  To Matthew Angler's house.

Q. Okay. Matt Angler's street name?

A. Slim.

Q. Slim. Okay. So he takes you to Slim's house. When you get - - do you remember, when you got in the car, did he make any calls?

A. Yes.

Q. Do you know who he was talking to?

A. Corey Norris.

Q. And do you know what he said?

A. Don't come to the spot, just been hit.

Q. Chad seem frightened in any way?

A. No.

Q. When you're in the car, does Chad give you anything?

A. Yes.

Q. What does he give you?

A. $700 and a couple grams of hard.

Q. Couple grams of hard? That could be crack?

A. Crack.

Q. Do you use crack?

A. No.

Q. What do you use?

A. Powder.

Q. So what did you end up doing with the hard?

A. Selling it.

Q. So when you go to Matt Angler's, before you get out of the car, do you give Chad anything?

A. Yes.

Q. What do you give him?

A. The firearm.

Q. All right. Now, why did you give him the firearm?

A. Because it wasn't mine.

Tr. at 294-296

{¶15} Adam Rogers testified at trial,

Q. * * * What happened then?

A. Chad gets up and said that we should get the fuck out of here.

Q. All right. And what happens then?

A. We left.

Q. Who left?

A. Me, Chad, and Sosa.

Q. And whose car did you go to?

A. Chad's.

Q. Who drove the car?

A. Chad.

Q. Where did you drive to?

A. We went and dropped him at Matt Angler's.

Q. How are you when you're in the car? What is your emotional state? What is your - -

A. I was shocked.

Q. Do you remember if Chad made any calls in the car?

A. No.

Q. Do you remember much about that car ride?

A. No.

Q. Do you know where you end up at the - - where you end up dropping of Sosa?

A. At Matt Angler's.

Q. And after you leave Matt Angler's, who's in the car?

A. Me and Chad.

Q. All right.  Where do you go?

A. To Chad's house on Corwin.

Q. All right.  Now, after Isaac was shot, you picked up some items.

Correct?

A. Yeah.

Q. And did you take those in the car with you?

A. Yeah.

Q. What happens to those items?

A. Chad told me to throw them.

Q. Where did he tell you to throw them?

A. Just across the alley in kind of like a field.

Q. And do you go into Chad's house?

A. Yeah.

Q. Do you remember if anybody was there when you got there?

A. I believe Amanda and my dad was there.

Q. Who?

A. Chad's girlfriend, Amanda, and my dad.

Q. And your dad.  And what happened then?

A. Me and Chad started cleaning up his kitchen.

Q. Okay.  You started cleaning up the kitchen?

A. Yeah, because he - - he was in the middle of remodeling.

Q. So you just went right back to - - back to a routine essentially, just doing whatever?

A. Yeah.

**{¶16}** Tr. at 442-444.

**{¶17}** Upon review of the record and the testimony presented, we find the evidence sufficiently demonstrates Appellant hindered the apprehension of Wilson by providing him with money, transportation and drugs as a means of avoiding discovery and apprehension.

**{¶18}** Appellant's convictions in the Muskingum County Court of Common Pleas are affirmed.

By: Hoffman, P.J.

Delaney, J. and

Baldwin, J. concur